**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RAY LEON, RICHARD INZA, MICHAEL INZA, AND VOIP-PAL.COM INC.,<br><br>Plaintiffs,<br>v.<br><br>APPLE INC., ALPHABET INC., GOOGLE LLC, AND SAMSUNG ELECTRONICS AMERICA INC.,<br><br>Defendants. | Civil Action No. 1:25-cv-01970<br><br>Honorable Randolph D. Moss |

**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendants oppose Plaintiffs' Motion for Leave to File Sur-Reply (ECF 38). As this Court recognizes: "The filing of a surreply is disfavored." *Thomas v. Rubio*, No. 23-CV-2637 (TSC), 2026 WL 820887, at *8 (D.D.C. Mar. 25, 2026). "It is not to be used to further address arguments raised in substantial form in the opening motion or to respond to arguments in a reply brief that responded to the opposition brief," *id.,* and "is not justified to correct an alleged mischaracterization." *THEC Int'l-Hamdard Cordova Grp.-Nazari Constr. Co., Ltd. Joint Venture v. Cohen Mohr, LLP*, 301 F. Supp. 3d 1, 8 (D.D.C. 2018) (cleaned up).

A surreply is particularly inappropriate here because Plaintiffs cannot show that Defendants' reply went beyond responding to arguments raised by Plaintiffs in their opposition. All of the purportedly "new" material is in fact Defendants' "respon[se] to contentions made" in Plaintiffs' opposition brief—which "is the very nature of a reply brief." *Kiewit Power Constructors Co. v. Sec'y of Labor*, 959 F.3d 381, 393 (D.C. Cir. 2020) (denying permission to file surreply); *see also Thomas*, 2026 WL 820887, at *8 (disallowing a surreply to present "rebuttal argument"

because otherwise any non-movant can "evade the standard briefing requirements and gain the last word" generally reserved to the movant).

The fact that Defendants have cited additional cases to support the same grounds for dismissal raised in their opening brief does not justify filing a surreply. *Patel v. Bureau of Prisons*, No. CV 09-200 (RWR), 2011 WL 13253716, at *1 (D.D.C. Nov. 28, 2011) ("Defendants' new citation to cases supporting its previously made arguments . . . do not require an opportunity to file a surreply."); *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.,* 238 F. Supp. 2d 270, 277 (D.D.C. 2002) (expressing skepticism as to whether the introduction of statutory or case law "can ever be 'new matter' so as to permit the filing of a surreply").

Nor does Defendants' response to Plaintiffs' new market definitions justify a surreply. Defendants' arguments are merely "responses to contentions made by" Plaintiffs in their own opposition brief, in which Plaintiffs proposed new, unalleged markets. *Patel*, 2011 WL 13253716, at *1. Accordingly, those arguments "could not have been raised earlier than the reply brief" and a surreply is unwarranted. *Kiewit*, 959 F.3d at 393. Plaintiffs' disagreement with Defendants' characterization of the arguments in their Opposition brief does not justify a surreply for the same reason and because a surreply "is not justified to correct an alleged mischaracterization." *THEC Int'l-Hamdard Cordova Grp.-Nazari Constr. Co., Ltd. Joint Venture*, 301 F. Supp. 3d at 8 (cleaned up).

The Motion for Leave should be denied.

Dated: June 16, 2026

Respectfully submitted,

*/s/ Jonathan I. Gleklen*
Jonathan I. Gleklen (Bar No. 443660)
Sonia Kuester Pfaffenroth (Bar No. 467946)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
Jonathan.Gleklen@arnoldporter.com
Sonia.Pfaffenroth@arnoldporter.com

*Attorneys for Defendant*
*Samsung Electronics America, Inc.*

*/s/ Jennifer Milici*
Jennifer Milici (*pro hac vice*)
Perry Lange (Bar No. 494339)
John W. O'Toole (Bar No. 241862)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Fax: (202) 663-6363
Jennifer.Milici@wilmerhale.com
Perry.Lange@wilmerhale.com
John.O'Toole@wilmerhale.com

*Attorneys for Defendant*
*Apple Inc.*

*/s/ David C. Kiernan*

David C. Kiernan (*pro hac vice*)
Jeremy R. Kauffman (*pro hac vice*)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 875-5745
Fax: (415) 875-5700
dkiernan@jonesday.com

Debra R. Belott (D.C. Bar 993507)
Koren Wong-Ervin (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: (202) 879-3939
Fax: (202) 626-1700
dbelott@jonesday.com
kwongervin@jonesday.com

*Attorneys for Defendants*
*Alphabet Inc.*
*Google LLC*